UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARCEL THOMAS,

                                        Plaintiff,                    Docket No. 1:17-cv-10070

        - against -                                                  JURY TRIAL DEMANDED

THE ECONOMIST NEWSPAPER GROUP
INCORPORATED

                                        Defendant.

## COMPLAINT

Plaintiff Marcel Thomas ("Thomas" or "Plaintiff") by and through his undersigned

counsel, as and for his Complaint against Defendant The Economist Newspaper Group

Incorporated ("Economist" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for copyright infringement under Section 501 of the Copyright

Act and for the removal and/or alteration of copyright management information under Section

1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's

unauthorized reproduction and public display of a copyrighted photograph of American

businessman Sumner Redstone walking with his ex-girlfriend, owned and registered by Thomas,

a professional photographer. Accordingly, Thomas seeks monetary relief under the Copyright

Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2.      This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court

has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.      This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacts business in New York.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.      Thomas is a professional photographer in the business of licensing her photographs to online and print media for a fee having a usual place of business at 1751 E. Reno Avenue, #215, Las Vegas, Nevada 89119.

6.      Upon information and belief, Economist is a foreign business company duly organized and existing under the laws of the State of Delaware, with a place of business at 750 3rd Avenue, New York, New York 10017. Upon information and belief, Economist is registered with the New York Department of State, Division of Corporations to do business in the State of New York. At all times material, hereto, Economist has owned and operated a website at the URL: www.Economist.com (the "Website").

## STATEMENT OF FACTS

**A.      Background and Plaintiff's Ownership of the Photograph**

7.      Thomas photographed American businessman Sumner Redstone walking with his ex-girlfriend (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8.      Thomas is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

10.      The Photograph was registered with the United States Copyright Office and was given registration number VA 2-018-174.

**B.      Defendant's Infringing Activities**

11.    Economist ran an article on the Website entitled *Sumner Redstone's $42 billion empire remains in his hands.* See https://www.economist.com/news/business-and-finance/21698566-media-magnate-who-controls-cbs-and-viacom-keeps-his-voting-stakes-sumner-redstones-42. The article prominently featured the Photograph. A true and correct copy of the article and a screen shot of the Photograph on the article is attached hereto as Exhibit C.

12.    Economist did not license the Photograph from Plaintiff for its article, nor did Economist have Plaintiff's permission or consent to publish the Photograph on its Website.

13.    The article was written by a staff editor at Economist.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST ECONOMIST)**
**(17 U.S.C. §§ 106, 501)**

14.    Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-13 above.

15.    Economist infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. Economist is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

16.    The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

17.    Upon information and belief, the foregoing acts of infringement by Economist have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

18.     As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

19.     Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

20.     Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

**SECOND CLAIM FOR RELIEF**
**INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST**
**ECONOMIST**
**(17 U.S.C. § 1202)**

21.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-20 above.

22.     The Photograph contained copyright management information under 17 U.S.C. § 1202(b).

23.     Upon information and belief, in its article on the Website, Economist intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

24.     The conduct of Economist violates 17 U.S.C. § 1202(b).

25.     Upon information and belief, Economist falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

26.     Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Economist intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in

the Photograph. Economist also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph.

27.     As a result of the wrongful conduct of Economist as alleged herein, Plaintiff is entitled to recover from Economist the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Economist because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

28.     Alternatively, Plaintiff may elect to recover from Economist statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1.     That Defendant Economist be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2.     The Defendant Economist be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3.     Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph;

4.     That, with regard to the Second Claim for Relief, Plaintiff be awarded either:
a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at

least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5.      That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6.      That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 1203(b);

7.      That Plaintiff be awarded pre-judgment interest; and

8.      Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).


Dated: Valley Stream, New York
           December 24, 2017

                                                    LIEBOWITZ LAW FIRM, PLLC

                                                    By: /s/Richard Liebowitz
                                                          Richard P. Liebowitz
                                                    11 Sunrise Plaza, Suite 305
                                                    Valley Stream, New York 11580
                                                    Tel: (516) 233-1660
                                                    RL@LiebowitzLawFirm.com

                                                    *Attorneys for Plaintiff Marcel Thomas*